ETHEL VAIL FRANQUEMONT, Appellant, v. ALLEN MUNN, County Treasurer, et al., Appellees (and three other cases.)

Nos. 38975—38978.

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*I. H. Tomlinson* and *Claude R. Porter*, for appellants.

*Reson S. Jones* and *Chauncey A. Weaver*, for appellees.

EVANS, J.—I. The cases were tried separately in the court below, but, by stipulation, upon substantially the same record. By the same stipulation they have been submitted together to us on this appeal. The record is not wholly iden-tical as to all the plaintiffs. In the first two named cases the defendant pleaded a prior adjudication, in that each plaintiff therein had filed objections to the assessment complained of before the city council, which had been overruled. From such ruling each plaintiff appealed to the district court of Polk County, wherein the same issues were tendered and tried as are presented herein. Upon trial had therein, a decree was entered in each case against the plaintiffs. This decree was pleaded and put in evidence in each case on the trial in the district court. The plaintiff in each of said cases, as appellant, has wholly ignored in argument the question of adjudication. We are not advised, therefore, of the grounds upon which the appellant seeks to avoid such adjudication. Under our rules, the appellant is required to argue his appeal. He must show affirmatively his right to a reversal. We will not reverse a case upon any question not argued by appellant. This is an equity case, and triable *de novo*. The prior adjudication pleaded appears on its face to be complete. We cannot devote the time to an original investigation or discovery of infirmities therein. This of itself requires an affirmance of the first two named cases.

II. In the last two named cases, objections were filed before the city council, and were by the city council overruled. No appeal was taken. Unless there was a want of jurisdiction in the city council to hear the objections, then the only remedy available to the plaintiffs was to appeal, as we have many times held. The record discloses the following: On and prior to November 3, 1919, Forty-fourth Street in the city of Des Moines, being a north and south street, extended north as far as the Urbandale car line right of way, and no farther. It was proposed to extend the street northerly from said right of way to

Ovid Avenue. On November 3, 1919, the city council duly passed a resolution of necessity to that end. The time of hearing was set on December 1, 1919, on which date the resolution was put upon its final passage, and was duly passed and approved. Pursuant thereto, the city council proceeded to acquire the right of way, either by condemnation or otherwise. It did procure the same by purchase from the adjoining landowners. In making such purchase, city warrants were issued to the vendors. Shortly after March, 1920, the street was actually opened, though unimproved. In May, 1920, the plaintiff Krisinger acquired her property, and in 1923, the plaintiff Reese acquired hers. Following the acquisition of the property, the city council took steps to improve and grade the street, pursuant to the original resolution. Another resolution was passed on January 5, 1922, and a later one on July 19, 1923, when plans and specifications for grading the full length of the street were approved. On September 13, 1923, contracts were let and approved. Such contracts were performed, and on January 17, 1924, the work was accepted and approved. Thereupon, a schedule of proposed assessments was prepared, and on February 5, 1924, was approved. This schedule was later amended by a resolution in January, 1925, so as to eliminate from the assessment all cost and expense of grading, leaving in the assessment the cost only of the opening of the street. This means, as we understand it, the cost of the right of way. Notice of such assessment being served upon the plaintiffs, they appeared within the statutory time and filed their objections. That the successive proceedings and resolutions were proper and regular in form is not denied. None of them are incorporated in the record before us. We therefore presume them to be regular. The burden is upon the plaintiffs to show the lack of jurisdiction. We find it difficult to discover from the appellant's brief the specific point relied on as defeating jurisdiction. The brief concedes that Section 5940, Code of 1924, was applicable to the case, which is as follows:

"5940. *Optional payments.* The expenses of such extension, repairs, and improvements may be paid from the general fund, the grading fund, or from the highway or poll taxes of such cities or towns, or partly from each of such funds, or by assessing all or any portion of the cost thereof on abutting and ad-

jacent property according to the benefits derived from such extension, repairs, and improvements.''

It points out, however, that there was no provision in that statute for making such assessments until the section was amended· by the Acts of the Forty-first General Assembly, in Chapter 134. This amendment added to the section the following clause: ''as provided in Chapter 308.'' This amendment went into effect on April 3, 1925. On April 20, 1925, the council again approved the schedule of assessments for the cost of opening the street. The point made by appellant seems to be that the amendment made by the forty-first general assembly, providing the method of assessment, was essential to the jurisdiction of the city council. We do not think that it was. Some stress is laid upon the long period of time elapsing since the acquisition of the right of way for the street and the final assessment thereof. The procedure was dilatory, and perhaps irregular, but this would not necessarily defeat the jurisdiction of the city council. We think the appellants have failed to show a lack of jurisdiction. They fail, therefore, to sustain their right to maintain this independent action for an injunction. The respective decrees of the district court must,·therefore, be affirmed in each case.—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.